UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMY ANN AGUILAR,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:13-cv-06053-KLS<br><br>ORDER REVERSING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and remanded for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

On September 20, 2006, plaintiff filed applications for DIB and SSI benefits, alleging disability as of July 1, 2006, due to back pain, obesity, depression, and anxiety. See Administrative Record ("AR") 114-22, 137, 388. Both applications were denied upon initial administrative review and on reconsideration. See AR 73-76, 78-82. A hearing was held before

ORDER - 1

an administrative law judge ("ALJ") on July 7, 2009, at which plaintiff, represented by counsel, appeared and testified, as did vocational expert, Nancy Bloom. See AR 26-68.

On September 2, 2009, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 12-25. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 16, 2011, making the ALJ's decision defendant's final decision. See AR 1-3; see also 20 C.F.R. § 404.981, § 416.1481. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision, which was reversed and remanded for further proceedings on October 4, 2011. AR 483-87. A hearing was held before a different ALJ on April 25, 2013, at which plaintiff, represented by counsel, appeared and testified. See Dkt. #16. The ALJ held a supplemental hearing on July 31, 2013, at which plaintiff, represented by counsel, testified further, as did vocational expert, Robert Gaffney. See AR 419-68.

On August 15, 2013, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 385-418. Plaintiff did not file written exceptions with the Appeals Council, and, it does not appear from the record that the Appeals Council assumed jurisdiction of the case. See 20 C.F.R. § 404.984, § 416.1484. The ALJ's decision therefore became defendant's final decision after sixty days. Id. On December 10, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. #1. The administrative record was filed with the Court on February 20, 2014 and supplemented on May 2, 2014. See Dkt. #11, 16. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for an award of benefits, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in rejecting the lay witness evidence in the record; and (3) in discounting plaintiff's

ORDER - 2

credibility.  The Court agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, finds that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").  "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting

ORDER - 3

Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.      The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Robert E. Schneider, Ph.D., evaluated plaintiff on February 27, 2007, on behalf of the Washington State Department of Social and Health Services. AR 287-95. Dr. Schneider measured plaintiff's full scale IQ at 66 and diagnosed plaintiff with mild mental retardation, depression NOS, generalized anxiety disorder, and panic disorder with agoraphobia. AR 292-93.

ORDER - 5

Dr. Schneider noted that plaintiff had "difficulty understanding and following simple and multi-step instructions, she is very slow to perform tasks, has limited understanding and would have difficulty dealing with the interpersonal demands of gainful employment". AR 291.  Further, Dr. Schneider found plaintiff to have marked limitation in her ability to exercise judgment and make decisions, interact appropriately in public contacts, and respond appropriately to and tolerate the pressure and expectations of a normal work setting.  See AR 294.

The ALJ gave Dr. Schneider's opinion "very little weight" stating

> He did not apparently review the record and based his opinion exclusively on the claimant's own reports and results of volitional testing, which were not validated.  The undersigned finds the claimant is not a credible witness.  As Dr. Schneider's opinion is based largely on claimant's unsubstantiated allegations of a history of traumatic head injuries, his opinion is afforded little weight.  Moreover, because Dr. Schneider was unaware of the claimant's marijuana use, his opinion is even less reliable.

AR 403.  Plaintiff argues these were not specific and legitimate reasons to discredit Dr. Schneider's opinion.  See Dkt. #18, pp. 8-15.  This Court agrees.

The ALJ's primary reason for discrediting Dr. Schneider's opinion is that he found it was based on plaintiff's incredible subjective complaints.  See AR 403.  According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting Morgan v. Comm'r. Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (citing Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989)).  However, like all findings by the ALJ, a finding that a doctor's opinion is based largely on a claimant's own accounts of his symptoms and limitations must be based on substantial evidence in the record as a whole. See Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)).  This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions.

ORDER - 6

See Ryan v.Comm'r of Soc. Sec. Admin., 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); see also Edlund v. Massanari, 253 F.3d 1152, 1159 (9th Cir. 2001).  Here, the ALJ's finding that Dr. Schneider's opinion is based primarily on plaintiff's subjective complaints is not supported by substantial evidence.

Dr. Schneider performed extensive testing on plaintiff prior to rendering his opinion. This testing included the Wechsler Adult Intelligence test, Woodcock Johnson reading and letter-word identification subtests, and the Wechsler memory test.  AR 290.  Further, although the ALJ stated that these tests were not validated, Dr. Schneider noted that there was "relatively good consistency across subtest scores" which indicated that the testing was an "accurate reflection of the intellectual abilities that [plaintiff] brings to her life and would bring to a job."  AR 289.  In addition to testing, Dr. Schneider also made clinical observations noting that plaintiff presented as anxious and "somewhat concrete," that plaintiff had difficulty focusing, and that plaintiff exhibited word finding problems.  AR 289.  The ALJ's conclusion that Dr. Schneider's opinion was based in large part on subjective complaints was not supported by substantial evidence and thus, was not a valid reason to discredit Dr. Schneider's opinion.  See Bayliss, 427 F.3d at 1214 n.1.

The ALJ also discredits Dr. Schneider's opinion because it was based on plaintiff's uncorroborated report of traumatic head injuries.  AR 403.  While plaintiff's report of head injuries was noted by Dr. Schneider, there is no indication that this was the basis for his opined limitations.  In fact, Dr. Schneider did not diagnose plaintiff with traumatic brain injury, instead

ORDER - 7

diagnosing plaintiff with mild mental retardation, depressive disorder, anxiety disorder, and panic disorder. AR 293. The fact that plaintiff's head injuries have not been corroborated by medical records is not a specific and legitimate reason to discredit Dr. Schneider's opinion.

The final reason given by the ALJ to discredit Dr. Schneider's opinion is that the doctor was unaware of plaintiff's marijuana use at the time the opinion was made. AR 403. The ALJ pointed to no contemporaneous records showing marijuana use around the time of Dr. Schneider's evaluation. The ALJ noted that plaintiff testified to using marijuana; however, it is unclear how often or how much plaintiff was smoking during the time of Dr. Schneider's evaluation. AR 429-38. The ALJ did take judicial notice of an article asserting that "[m]arijuana produces well-documented, acute cognitive changes that last for several hours after the drug has been ingested." AR 394-95. However, again, the ALJ points to no evidence that plaintiff was under the influence of marijuana at the time of the evaluation or had ingested marijuana shortly before the evaluation. Dr. Schneider made no mention that he suspected plaintiff had been under the influence of drugs during the evaluation. The ALJ's conclusion that plaintiff's marijuana use affected Dr. Schneider's opinion was not supported by substantial evidence and was not a specific and legitimate reason to discredit the opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." Id. The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Id. (quoting Carmickle v. Comm'r Soc. Sec. Admin., 533

ORDER - 8

F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" Id. at 1118 (quoting Shinsheki v. Sanders, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)). All of the functional limitations opined by Dr. Schneider were not included in the ALJ's residual functional capacity finding. Therefore, had the opinion been given greater weight, the ultimate disability determination may have changed. Thus, the ALJ's error in evaluating Dr. Schneider's opinion was not harmless.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

ORDER - 9

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Because issues still remain in regard to the opinion evidence from Dr. Schneider – including whether the ALJ would be required to adopt that evidence and what impact it would have on the ALJ's assessment of plaintiff's residual functional capacity and her ability to perform other work existing in significant numbers in the national economy – remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled.  Accordingly, defendant's decision is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 10th day of September, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10